# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **LARRY J. HOOKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-06-77** |
| | § | |
| **CONSTELLATION HOMEBUILDER** | § | |
| **SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

The Court addresses herein the following pending motions: Plaintiff's Amended Motion for Entry of Judgment (Dkt. No. 21); Plaintiff's Motion for Leave to File Reply to Defendant's Response to Motion for Attorney's Fees and Supplemental Evidence in Support of Attorney's Fees Based Upon Enforcement of Rule 68 Agreement (Dkt. No. 26); Plaintiff's Motion to Enforce Rule 68 Agreement (Dkt. No. 27); Plaintiff's Agreed Motion for Extension of Time Discovery Deadline (Dkt. No. 28); Defendant's Motion for Sanctions (Dkt. No. 31). Having carefully considered the motions, the responses thereto, the entire record, and the applicable law, the Court hereby rules as follows.

**(1) Plaintiff's Amended Motion for Entry of Judgment**

The Court notes that this motion (Dkt. No. 21) is substantially similar to Plaintiff's original Motion for Entry of Judgment (Dkt. No. 19), other than a non-material change in the later motion regarding the status of the parties' progress toward resolving their fee dispute. Accordingly, the Court concludes that it is not necessary to vacate its prior order and hereby **DENIES** this motion as moot.

**(2) Plaintiff's Motion to Enforce Rule 68 Agreement**

This motion (Dkt. No. 27) essentially asks the Court to determine the scope of the Rule 68 agreement that was offered by Defendant Constellation Homebuilder Systems, Inc. on January 24, 2007, and accepted by Plaintiff Larry J. Hooker on February 6, 2007. After reviewing the cases cited by the parties, the Court

concludes that Constellation's counterclaims were not included in the offer of judgment and, therefore, were not extinguished by Plaintiff's acceptance of Constellation's offer of judgment or the Court's entry of that judgment on Plaintiff's motion.   The fact that Constellation initially asserted payment and offset as affirmative defenses before essentially converting them into an affirmative claim for unjust enrichment is of no moment.   The Court is persuaded by the statements of the various courts, including the Supreme Court, that have opined on this issue and noted that a party may not extend an offer of judgment pursuant to Rule 68 on its own claims for relief.  *See, e.g.*, *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 350 (1981) ("Rule 68 prescribes certain consequences for formal settlement offers made by a party defending a claim. The Rule has no application to offers made by the plaintiff.") (internal quotation and citation omitted).  *See also Simon v. Intercontinental Transport (ICT) B.V.*, 882 F.2d 1434, 1439 (9th Cir. 1989); *Scosche Industries, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 679 (Fed. Cir. 1997).   Accordingly, because Constellation was the defendant as to Plaintiff's claim for unpaid commissions, it was permitted to extend a Rule 68 offer on that claim; but because Constellation was the counter-plaintiff as to its own counterclaim for unjust enrichment, that claim could not have been part of Constellation's Rule 68 offer.   And if Constellation's counterclaim could not have been part of the Rule 68 offer, it must have survived.

Plaintiff's arguments to the contrary are inapposite.   This is not, as Plaintiff presented the issue, a matter of claim preclusion.   As the *Scosche* court noted,

> The question here is not whether a final judgment in one case should be given preclusive effect in a later case, which is the situation to which the principles of claim preclusion apply ... Instead, the two counts of the complaint and the one counterclaim are all part of the same case, and the question we are required to decide is what scope should be given to the Rule 68 judgment that terminated the counterclaim portion of the case, a question as to which the doctrine of claim preclusion is irrelevant.

*Scosche*, 121 F.3d at 678 (citations omitted).   Nor is the Court persuaded that Constellation's offer was ambiguous.   The introduction section of the offer references Plaintiff's claim "for breach of an alleged sales commission contract," and goes on to offer $150,000 in satisfaction thereof.   Dkt. No. 19-2 ¶¶ 2

2

& 4.  Moreover, without a finding of ambiguity, the Court has no authority or inclination to go outside the four corners of the offer and delve into a blow-by-blow analysis of the negotiations that produced Constellation's offer.

Based on the foregoing, the Court can only conclude that Constellation's offer under Rule 68 did not include its counterclaim for unjust enrichment, which claim remains live and pending before the Court.  Accordingly, the Court is of the opinion that Plaintiff's motion should be, and hereby is, **DENIED**.  The Court notes that Plaintiff's motion concluded with a confusing request for the Court to "enter judgment in accordance with Plaintiff's Motion to Enter Judgment and its attached and executed Rule 68 Offer of Judgment."  Dkt. no. 27 at 6.  It would seem that Plaintiff would prefer the Court to vacate the entry of judgment or enter a new one vindicating Plaintiff's position regarding Constellation's counterclaim.  Regardless, and in the interest of clarity, Plaintiff's pending motion is denied by this order only insofar as it argued in favor of defining the Rule 68 offer to include Constellation's counterclaim.  By denying Plaintiff's motion, the Court does not mean to vacate its order of February 28, 2007, granting Plaintiff's motion for entry of judgment.  That order remains a live and operative instrument.

**(3) Plaintiff's Agreed Motion for Extension of Time Discovery Deadline** (Dkt. No. 28)

Plaintiff's motion to extend discovery in this case for thirty days following the entry of this order is **GRANTED**.  Since this extension will necessitate a continuance of the September trial setting, this case is now set for trial during the month of November 2007.

**(4) Defendant's Motion for Sanctions**

The motion for sanctions (Dkt. No. 31) is hereby **DENIED**.

**(5) Plaintiff's Motion for Leave to File Reply to Defendant's Response to Motion for Attorney's Fees and Supplemental Evidence in Support of Attorney's Fees Based Upon Enforcement of Rule 68 Agreement**

Plaintiff's motion for leave (Dkt. No. 26) is hereby **GRANTED**.  If Plaintiff still desires to file a reply in view of the above rulings, he may do so within ten days from the date hereof.

Finally, the Court notes that, in addition to the pending motion for attorney's fees, Plaintiff has filed another motion requesting entry of judgment (Dkt. No. 33), in which he raises the issue of whether pre-judgment interest was included in Constellation's Rule 68 offer.  The Court will resolve the issue of pre-judgment interest and the pending motion for attorney's fees in due course.

It is so **ORDERED**.

Signed this 14th day of August, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE