UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **LARRY J. HOOKER,** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-06-77** |
| | § | |
| **CONSTELLATION HOMEBUILDER** | § | |
| **SYSTEMS, INC.** | § | |
| | § | |
|     **Defendant.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are Plaintiff's Motion for Attorneys' Fees (Dkt. No. 23), Defendant's Motion for Sanctions (Dkt. No. 39), Plaintiff's Cross-Motion for Sanctions (Dkt. No. 43), Defendant's Motion to Strike Plaintiff's Reply to Counterclaim and for Entry of Default Judgment (Dkt. No. 40) and Plaintiff's Response to Defendant's Motion to Strike (Dkt. No. 42), which includes a Motion for Leave to File Original Reply to Defendant's Counterclaim and a Motion for Sanction and Attorneys' Fees. After consideration of the parties' arguments and the applicable law, the Court is of the opinion that Plaintiff's Motion for Attorneys' Fees should be granted in part and denied in part and that all other motions should be denied.

### Factual and Procedural Background

Plaintiff Larry J. Hooker is a software salesman who was employed by Defendant Constellation Homebuilder Systems and its predecessor until July 2006. Plaintiff claims that Defendant withheld thousands of dollars in sales commissions that were owed to him under his employment agreement after he resigned. Shortly thereafter, in July 2006, he filed this diversity action to recover the allegedly unpaid commissions.

Defendant answered Plaintiff's complaint on August 14, 2006, and amended its answer two

days later. Defendant, in its answer (Dkt. No. 5), pleaded the affirmative defense of payment, claiming by implication that at least some of the allegedly unpaid sales commissions had already been paid to Plaintiff. Dkts. No. 5 & 24. Defendant's amended answer (Dkt. No. 7) retained all of its already-pleaded affirmative defenses and added the affirmative defense of offset for any amounts that were paid to Plaintiff even though not required by his employment agreement. Dkts. No. 7 & 25.

On January 9, 2007, Defendant filed an Unopposed Motion for Leave to File an Amended Pleading (Dkt. No. 12) and attached as an exhibit its Second Amended Answer and Original Counterclaim. Defendant's counterclaim essentially rehashed the offset affirmative defense recited above, claiming that Defendant was entitled to certain bonuses Plaintiff received while not under contract. On January 24, 2007, Defendant served Plaintiff with a Rule 68 Offer of Judgment which was eventually accepted. On January 29, 2007, Defendant filed a Second Amended Answer and Original Counterclaim (Dkt. No. 18). Shortly thereafter, on February 9, 2007, Plaintiff made a Motion for Entry of Judgment (Dkt. No. 19), informing the Court that he had accepted Defendant's Rule 68 Offer of Judgment. This Court signed an Order Granting Plaintiff's Motion for Entry of Judgment (Dkt. No. 22) on February 28, 2007. The agreed upon Offer of Judgment provided for a $150,000.00 judgment, court costs and "reasonable attorneys' fees" that, if not agreed upon by the parties, would be determined by the Court after hearing the parties' arguments. *See* Dkt. No. 19. The parties failed to agree upon reasonable attorneys' fees and both parties submitted briefs to the Court presenting their arguments. *See* Dkts. No. 23 & 24.

Plaintiff then, on April 12, 2007, filed a Motion to Enforce the Rule 68 Judgment (Dkt. No. 27) in order to stop Defendant from pursuing its Original Counterclaim. The Court subsequently

entered an Order (Dkt. No. 36) denying Plaintiff's Motion to Enforce the Rule 68 Judgment, concluding that Defendant's "offer under rule 68 did not include its counterclaim for unjust enrichment, which claim remains live and pending before the Court." Dkt. No. 36.

On October 26, 2007, the parties filed a Joint Notice of Settlement (Dkt. No. 47) informing the Court that they had "reached an agreement as to the resolution of all claims filed by Defendant in this litigation." Defendant (as Counter-Plaintiff) then filed a Notice of Dismissal (Dkt. No. 48) regarding its claims against Plaintiff (as Counter-Defendant). Thus, all claims and counterclaims between the parties have been resolved and the only issues before the Court are that of the sanctions and reasonable costs and attorneys' fees prayed for in the parties' prior briefs. *See* Dkts. No. 23, 24, 39 & 43. Indeed, the Joint Notice of Settlement specifically noted that the parties' settlement "does not address or alter any other matter, including the parties' positions regarding attorneys' fees and costs that may be assessed or awarded by the Court." Dkt. No. 47.

The Court notes that Plaintiff has also filed a Second Motion for Attorneys' Fees (Dkt. No. 49). The fees sought in this final motion are those Plaintiff's counsel purportedly accrued from March 13, 2007 (one day before Plaintiff's first motion for attorneys' fees) to December 5, 2007 (the date the second motion for attorneys' fees was filed). Plaintiff's final motion will be addressed in a separate order.

## Discussion

**1. Parties' Motion for Sanctions**

A district court has broad discretion in determining whether a sanction is warranted and what sanction is appropriate. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). Although the imposition of sanctions is within the district court's province, "any such decision [should be]

made with restraint and discretion." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). The Court is not inclined at this time to issue sanctions on either party. The Defendant's Motion for Sanctions (Dkt. No. 39) is hereby denied. Plaintiff's Cross-Motion for Sanctions (Dkt. No. 43) is also denied.

**2. Defendant's Motion to Strike Plaintiff's Reply to Counterclaim and for Entry of Default Judgment**

Defendant asks the Court to strike Plaintiff's Reply to Defendant's Counterclaim (Dkt. No. 38) and issue a default judgement in its favor. *See* Dkt. No. 40. However, because the parties have reached a settlement agreement resolving Defendant's counterclaim, the Court need not address this issue. Defendant's Motion to Strike Plaintiff's Reply to Counterclaim and for Entry of Default Judgment (Dkt. No. 38) is hereby denied as moot. Similarly, Plaintiff's Motion for Leave to File Original Reply to Defendant's Counterclaim (Dkt. No. 42) is denied as moot. Finally, Plaintiff's Request for Sanctions and Attorneys' Fees included at the end of his Response to Defendant's Motion to Strike (Dkt. No. 42) is hereby denied.

**3. Application for Costs and Attorneys' Fees**

The Rule 68 Offer of Judgment provided for a $150,000.00 judgment, court costs and "reasonable attorneys' fees" that, if not agreed upon by the parties, would be determined by the Court. *See* Dkt. No. 19. The parties have not been able to reach an agreement as to what constitutes "reasonable attorneys' fees" in this case. Consequently, the Court must determine what fees are reasonable. Plaintiff requests fees in the amount of $114,753.30. *See* Dkts. No. 19 & 23. Defendant responded, claiming that the amount requested was too high. Dkt. No. 24.

Defendant first objects to the amount of hours Plaintiff's counsel alleges to have worked and

asks that the award be reduced on six grounds.  First, Defendant argues that Plaintiff's application for attorneys' fees includes fees for time spent on tasks unrelated to the claims asserted in the lawsuit and resolved by the Offer of Judgment.  Second, Defendant insists that the attorneys' fees should be reduced by removing fees for "routine clerical work."  *Id.* at p.9.  Defendant next maintains that Plaintiff should not be awarded fees for unnecessary travel time.  Fourth, Defendant contends that Plaintiff's application for attorneys' fees include fees for duplicative work and excessive inter-office conferences.  Defendant then argues that Plaintiff's fees for time entries that are chronologically inconsistent should not be awarded.  Finally, Defendant asserts that Plaintiff is not entitled to recover fees for time entries that are not sufficiently specific to determine whether the work performed was "necessary, relevant, duplicative or otherwise unreasonable."  *Id.* at p.14.

Defendant then protests Plaintiff's requested upward adjustment of attorneys' fees.  Defendant's objection is in response to Plaintiff's attorneys' request that the Court adjust their lodestar fee by a multiple of two based on the expectancy of a high monetary return pursuant to their contingency fee agreement with the Plaintiff.  *See* Dkt. No. 23.

**A. Lodestar Fee**

In determining the appropriate award of attorneys' fees, the Court must first calculate a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the attorneys' reasonable hourly rate.  *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1994).  The party seeking to recover fees carries the burden of proving the reasonableness and necessity of hours worked and rate charged.  *Smith v. United Nat'l Bank-Denton*, 966 F.2d 973, 978 (5th Cir. 1992).  It is within the Court's discretion to adjust the lodestar figure by considering several factors

established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] While a court may adjust the lodestar figure based on the specific circumstances of the case at hand, the lodestar method is presumed to yield the proper amount of attorneys' fees to which a party is entitled. *See Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546, 565 (1986) ("Although upward adjustments of the lodestar figure are still permissible, such modifications are proper only in certain 'rare' and 'exceptional' cases") (citations omitted). Moreover, in diversity cases, an award of attorneys' fees are "entrusted to the sound discretion of the trial court" and are governed by state law. *See Texas Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc.*, 907 F.2d 1571, 1575 (5th Cir. 1990).

Including the requested upward adjustment, Plaintiff asks for attorneys' fees in the amount of $114,753.30. Dkt. No. 23 at p. 5. Defendant primarily disputes the amount of billable hours that should be considered when determining Plaintiff's attorneys' appropriate compensation. The Defendant does not contest, nor does the Court find unreasonable, Plaintiff's counsel's asserted hourly rates of $325 for lead attorney David W. Showalter, $300 for attorney James I. Smith, and $105 for various legal assistants who worked on the matter. Because Plaintiff's counsel's hourly rates are unopposed and reasonable, the Court must first address whether Plaintiff's attorneys' hours worked on this matter should be reduced as duplicative, unproductive, excessive or otherwise unreasonable. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

---

[1] The *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Jason D.W. v. Houston ISD*, 158 F.3d 205, 209 (5th Cir. 1998).

Plaintiff calculates the pre-adjustment lodestar figure as follows: (A) Mr. Showalter's 106.02 hours, multiplied by $325.00 (subtotal of $34,456.50); plus (B) Mr. Smith's 70.93 hours, multiplied by $300.00 (subtotal of $21,279.00); plus (C) legal assistants' 15.63 hours, multiplied by $105.00 (subtotal of $1,641.15). *See Affidavit of David W. Showalter Regarding Attorneys' Fees and Expenses*, Dkt. No. 23, Ex. B at p.3; *Plaintiff's Pre-bill Worksheet*, Dkt. No. 23, Ex. 1. These amounts combine for a total of $57,376.65.[2]

As set forth above, Defendant objects to a pre-adjustment award in that amount on six grounds. The Court has considered each of Defendant's objections in its assessment of the appropriate attorneys' fees and addresses them individually below.

### 1. Time Spent on Unrelated Tasks

Defendant first claims that Plaintiff's counsel's timesheets indicate that much of their work was unrelated to the claims resolved by the Offer of Judgment. As stated above, the party seeking to recover fees and costs carries the burden of proving the reasonableness and necessity of hours worked. *Smith v. United Nat'l Bank-Denton*, 966 F.2d 973, 978 (5th Cir. 1992). Moreover, "[t]he party seeking attorneys' fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

Specifically, Defendant contends that timesheet entries indicating time spent on tasks

---

[2] The Court does not consider copying, long distance calls and various other administrative fees of $2,382.31 as part of the Plaintiff's lodestar attorneys' fees. See Dkt. No. 23. These costs are more accurately construed as overhead. *See, e.g.*, *Cruz v. Hauck*, 762 F.2d 1230, 1234 (5th Cir. 1985).

However, the Court notes that the Rule 68 Offer of Judgment provides that Defendant will pay Plaintiff's court costs. $962.24 of Plaintiff's asserted $2,382.31 administrative costs are court costs. Dkt. No. 23 at p.5. However, the Court strikes as unnecessary the $93.45 of this amount allotted for costs associated with hand-delivering Plaintiff's complaint to the Court. As discussed below, the costs in this suit associated with trips to the Court's chambers in Victoria, Texas are deemed unnecessary, improperly billed and thus uncollectible. Therefore, the Court awards Plaintiff $868.79 in court costs.

undertaken before the filing of suit and relating to Plaintiff's COBRA healthcare and medical issues should not be compensated. Defendant claims that services associated with defending against Defendant's counterclaims and an apparently researched, partially completed, but never-filed amended complaint should similarly not be included when calculating Plaintiff's fee. Defendant also asserts that many of the entries fail to sufficiently describe the work performed and thus should not be recognized.

The Court agrees with Defendant to the extent that time spent on issues relating to Plaintiff's COBRA healthcare plan is outside the scope of the issues underlying the Offer of Judgment and thus should not be compensated.[3] The Court also agrees with Defendant to the extent that time spent on services associated with Plaintiff's "amended complaint"—which was never filed —should not be compensated.[4] The hours expended on these services seem neither reasonable nor necessary to the issues resolved in the Offer of Judgment. *See Smith v. United Nat'l Bank-Denton*, 966 F.2d 973, 978 (5th Cir. 1992) (declaring that the party seeking to recover fees must "segregate recoverable fees from those that are not recoverable").

However, the Court disagrees with Defendant's claim that Plaintiff should not be entitled to recover attorneys' fees for services associated with defending against Defendant's counterclaims. As alluded to above, Defendant's counterclaims paralleled its affirmative defenses and thus went

---

[3] The Court deems entries number 37533 and 37534 outside the scope of the attorneys' fees covered by the Offer of Judgment. *See Plaintiff's Pre-bill Worksheet*, Dkt. No. 23, Ex. 1 at p.1. Although entry number 37646 indicates that COBRA was discussed, the entry also reveals that other, relevant issues were addressed and is thus allowed. *Id.* at p.19. This reduces Plaintiff's billable time by 1.45 hours or $471.25 (both entries billed at Mr. Showalter's $325.00 hourly rate).

[4] The Court deems entries number 36757, 36705, 36759 and 36762 outside the scope of the attorneys' fees covered by the Offer of Judgment. *See Plaintiff's Pre-bill Worksheet* at pp.22-23. This reduces Mr. Smith's billable time by 3.08 hours ($924.00 when multiplied by Mr. Smith's $300.00 hourly rate) and Mr. Showalter's billable time by 1.42 hours ($461.50 when multiplied by Mr. Showalter's $325.00 hourly rate). The total reduction based on work going to Plaintiff's "amended complaint" comes to $1,385.50.

8

to the heart of Plaintiff's prosecution of its own claims. Thus, any work performed before Plaintiff accepted the Offer of Judgment related to defending against the (then) pending counterclaims would also have been relevant to Plaintiff's initial contractual claims underlying the Offer of Judgment.

Moreover, the Court disagrees with Defendant's assertion that many of Plaintiff's initial time entries indicate work not relevant to the Offer of Judgment. To the contrary, many of Plaintiff's counsel's contested July 2006 entries reveal counsel's file review and familiarization, initial and understandably necessary communications with the Plaintiff and attempts to resolve the matter before the onset of discovery or litigation. Activities such as reviewing the Plaintiff's resignation letter and employment contract, engaging in short telephone conferences with the client and drafting demand letters, initial pleadings and related documents are necessary at the outset of a case such as this and are not outside the normal realm of hours appropriately billed. Therefore, the Court reduces Plaintiff's attorneys' fees by $1,856.75 based on this objection.[5]

### 2. Routine Clerical Work

Second, Defendant asks the Court to subtract between one and two thousand dollars from Plaintiff's attorneys' fees because Defendant claims certain fees represent services that are "clerical in nature and required little, if any, attorney time." Dkt. No. 24. The contested entries include receiving and reviewing various citations of service, letters, Court orders and e-mails. The Court agrees with the Defendant that such work is clerical in nature. However, the Court does not see fit to ignore counsel's work on such matters and will allow Plaintiff to collect on such billable time

---

[5] Defendant also calls the Court's attention to certain entries it deems vague, such as a short communication with the Plaintiff described merely as "Memos and communication with Hooker." *Plaintiff's Pre-bill Worksheet* at p.2 (Entry No. 37535). The Court addresses the alleged vague time entries in more detail below.

only to the extent a paralegal performing an attorney's work could do so.[6]  *Cf. Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir.1982) (noting that paralegal costs may be recovered "only to the extent that the paralegal performs work traditionally done by an attorney"); *see also Johnson*, 488 F.2d at 717 ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non lawyers but which a lawyer may do because he has no other help available. Such non legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."). Defendant also urges the Court to strike fees charged by a legal assistant to review and compile the billing records. The Court finds that the Plaintiff should not be compensated for the assembling of time and billing records.[7]  *See Allen*, 665 F.2d at 697.  Therefore, the Court reduces Plaintiff's attorneys' fees by $1,386.00 based on this objection.

### 3. Unnecessary Travel Time

Defendant next contends that Plaintiff's attorneys' fees should be reduced because, in two separate instances, Plaintiff included the travel time of his legal team at full billing rates.[8]  In the first instance, Plaintiff's counsel sent a paralegal from Bellaire, Texas, to Victoria, Texas, to file Plaintiff's initial complaint. Such filings are routinely made via mail. In the second instance, Mr. Showalter traveled to Victoria from Bellaire to attend a status conference. Status conferences in this

---

[6] The clerical work performed includes entries number 38128, 32811, 32969, 33096, 3328 and 37632. *See Plaintiff's Pre-bill Worksheet* at pp. 4, 5, 7, 8 & 15. This reduces Plaintiff's attorneys' fees by $693.00 (Mr. Showalter's 3.15 hours at $325.00 per hour, or $1,023.75, reduced to a legal assistant's 3.15 hours at $105.00 per hour, or $330.75).

[7] The billing and time collection entries include numbers 38122 and 38123. *See Plaintiff's Pre-bill Worksheet* at p. 33. This reduces Plaintiff's attorneys' fees by $693.00 (a paralegal's 6.6 billable hours billed at $105.00 per hour).

[8] The travel entries include numbers 38117 and 35161. *See Plaintiff's Pre-bill Worksheet* at pp. 3 & 15. These entries represent $1,557.50 in Plaintiff's attorneys' fees (a paralegal's 4 hour round trip billed at $105.00 per hour and Mr. Showalter's 3.5 hour round trip billed at $325.00 per hour).

10

Court's chambers are almost always held via teleconference. Based on the nature of the conference it was not necessary for counsel to appear in person, therefore a reduction is warranted. Thus, the Court subtracts $1,557.50 from Plaintiff's attorneys' fees based on this objection.

### 4. Duplicative Fees and Excessive Inter-office Conferences

Fourth, Defendant argues that the Court should reduce the award of attorneys' fees by eliminating duplicative charges for activities performed by both of Plaintiff's attorneys. As Defendant correctly notes, according to Plaintiff's own billing records, many of the activities listed were performed by both Mr. Showalter and Mr. Smith. These activities include the review, analysis, evaluation and ultimate acceptance of the Defendant's Rule 68 Offer of Judgment. Defendant insists that Plaintiff's counsel is not entitled to recover fees for their "duplicative and unnecessary" work. *See* Dkt. No. 24 at p.13.

The Court finds that Plaintiff's counsel's hours are not excessive or unreasonable. Contrary to Defendant's assertions, the mere fact that both attorneys participated in various activities does not necessarily indicate that they were essentially performing the "same nominal tasks." *See id.* Rather, it is not uncommon for attorneys to collaborate and combine their efforts on a case, each completing a portion of a given task, reviewing the other attorneys' work or conferring about the merits of some legal option. This seems particularly true when the services provided include deciding if and how to accept what was apparently believed to be an Offer of Judgment that would dispose of the matter in its entirety. The Court finds that the hours spent by Plaintiff's counsel were reasonable. Thus, the Court declines to reduce the requested award on the ground that Mr. Showalter and Mr. Smith participated jointly in the completion of various tasks related to this case.

### 5. Chronologically Inconsistent Time Entries

Defendant urges the Court to reduce Plaintiff's attorneys' fees because, in two instances, Plaintiff's timesheets seem to indicate that legal services were not performed in a "chronological manner."[9] *See* Dkt. No. 24 at p.13. Defendant looks to an entry by Mr. Smith two months after the filing of the initial complaint in which Mr. Smith "start[s] review of file." *Plaintiff's Pre-bill Worksheet* at p.11 (Entry No. 34137). Defendant also alludes to Mr. Showalter's receipt and review of a letter rejecting an earlier Offer of Judgment two days after the final Offer of Judgment had been accepted by the Plaintiff. *Plaintiff's Pre-bill Worksheet* at p.31 (Entry No. 37446). The Court does not view the order of these entries as suspicious. During the span of a case, attorneys invariably refresh their memories and/or look back at previous documents to identify some particular fact or issue. This includes reviewing the initial case file documents and/or any documents speaking to events that occur between the filing of suit and the conclusion of some or all of the causes of action. The Court finds that Plaintiff—the party seeking to recover fees—carried his burden of proving the reasonableness of hours worked. *Smith v. United Nat'l Bank-Denton*, 966 F.2d 973, 978 (5th Cir. 1992). The Court thus chooses not to reduce Plaintiff's attorneys' fees on the ground that they are chronologically inconsistent.

### 6. Vague or Non-descriptive Entries

Finally, Defendant maintains that the Court should reduce Plaintiff's attorneys' fees because Plaintiff's attorneys, in numerous entries, allegedly fail to describe the services performed with sufficient specificity to determine whether the work was necessary, relevant, duplicative or

---

[9] The relevant entries include numbers 34137 and 37446. *See Plaintiff's Pre-bill Worksheet* at pp. 11 & 31. These entries represent Plaintiff's attorneys' fees of $202.25 (Mr. Smith's .50 hours billed at $300.00 per hour and Mr. Showalter's .17 hours billed at $325.00 per hour).

otherwise unreasonable. Indeed, the Fifth Circuit clearly dictates that the party wishing to recover fees "must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court acknowledges that the objected-to entries, in isolation, might seem overly vague. However, any uncertainty as to the purpose of the time billed is clarified when one reads the entries in the context of the preceding and succeeding entries. Thus, when analyzing Plaintiff's counsel's billing entries as a whole, the Court finds that Plaintiff's counsel's vaguely-described services were necessary, relevant, non-duplicative or otherwise reasonable. Thus, the Court declines to strike the objected-to fees and reduce Plaintiff's attorneys' fees any further.

### B. Adjustments to Lodestar Fees

Plaintiff's attorneys contend that their total lodestar fee, once determined, should be adjusted upward by a multiple of two based on the fact that they originally entered into a contingency fee with the Plaintiff. Indeed, the Fifth Circuit has held that some upward adjust may be appropriate based on a contingency fee agreement. *See, e.g.*, *Coleman v. Houston Indep. School Dist.*, 202 F.3d 264, 273 (5th Cir. 1999) (using the existence of a contingency fee agreement as a justification for an upward adjustment to a party's hourly rate when applying a lodestar method of fee calculation). However, while the existence of a contingency fee is a factor in the Court's consideration of the appropriate lodestar fee, it is "simply that, a factor," and is not given dispositive or even great authoritative weight in determining appropriate attorneys' fees. *See Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). Based on the unextraordinary nature of this case—a sales commission and breach of contract case—the Court sees no justification for doubling or otherwise enhancing the Plaintiff's collective lodestar fee. Similarly, Defendant provides little, if any justification for a downward adjustment in Plaintiff's collective lodestar fee.

**C. Total Amount Reduced and Total Award**

Plaintiff originally requested attorneys' fees of $114,753.30. However, this Court sees no justification for a large scale upward adjustment and has removed from the Plaintiff's fee all costs that are more accurately characterized as overhead. This brings Plaintiff's requested fees to a more appropriate $57,376.65. The Defendant, primarily challenging the amount of hours appropriately billed, has persuaded the Court to lower Plaintiff's attorneys' fees by a total of $4,800.25. Thus, the Court finds that Plaintiff's reasonable attorneys' fees are $52,576.40. As noted above, the Court also awards Plaintiff court costs in the amount of $868.79.

The Court again notes that Plaintiff has filed a second motion for attorneys' fees for fees incurred subsequent to March 12, 2007. Dkt. No. 49. Plaintiff's motion will be addressed by the Court is a separate order.

**Conclusion**

Based on the foregoing, the Court hereby rules as follows:

1. Plaintiff's Motion for Attorneys' Fees (Dkt. No. 23) is GRANTED in part and DENIED in part. The Court finds that Plaintiff is entitled to attorneys' fees in the amount of $52,576.40 and court costs in the amount of $868.79.

2. Defendant's Motion for Sanctions (Dkt. No. 39) is DENIED;

3. Plaintiff's Cross-Motion for Sanctions (Dkt. No. 43) in DENIED;

4. Defendant's Motion to Strike Plaintiff's Reply to Counterclaim and for Entry of Default Judgment (Dkt. No. 40) is DENIED;

5. Plaintiff's Motion for Leave to File Original Reply to Defendant's Counterclaim (Dkt. No. 42)  is DENIED and;

6. Plaintiff's Motion for Sanctions and Attorneys' Fees (Dkt. No. 42) is DENIED.

It is so ORDERED.

Signed this 24th day of March, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE