UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **LARRY J. HOOKER,** | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-06-77** |
| | § | |
| **CONSTELLATION HOMEBUILDER SYSTEMS, INC.** | § § | |
| | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiff Larry J. Hooker's ("Plaintiff") Second Motion for Entry of Judgment (Dkt. No. 33). After considering the motion and the applicable law, the Court is of the opinion that Plaintiff's motion should be GRANTED.

### Discussion

On July 19, 2006, Plaintiff filed his Original Complaint (Dkt. No. 1) against Defendant, Constellation Homebuilder Systems, Inc. ("Defendant"). On January 24, 2007, Defendant served Plaintiff with a Rule 68 Offer of Judgment. Five days after Defendant served its Rule 68 Offer of Judgment, Defendant filed its Second Amended Answer and Original Counterclaim (Dkt. No. 18).

Shortly thereafter, on February 9, 2007, Plaintiff filed a Motion for Entry of Judgment (Dkt. No. 19), informing the Court that he had accepted Defendant's Rule 68 Offer of Judgment. The Court signed an Order Granting Plaintiff's Motion for Entry of Judgment (Dkt. No. 22) on February 28, 2007. The agreed upon Offer of Judgment provided for a $150,000.00 judgment, court costs and "reasonable attorneys' fees" that, if not agreed upon by the parties, would be determined by the Court after hearing the parties' arguments. *See* Dkt. No. 19. The parties failed to agree upon reasonable attorneys' fees and submitted briefing to the Court. *See* Dkts. No. 23 & 24.

On April 12, 2007, Plaintiff filed a Motion to Enforce the Rule 68 Judgment (Dkt. No. 27) in an attempt to stop Defendant from pursuing its counterclaim. The Court subsequently entered an Order (Dkt. No. 36) denying Plaintiff's Motion to Enforce the Rule 68 Judgment, concluding that Defendant's "offer under rule 68 did not include its counterclaim for unjust enrichment, which claim remains live and pending before the Court."

On October 26, 2007, the parties filed a Joint Notice of Settlement (Dkt. No. 47) informing the Court that they had "reached an agreement as to the resolution of all claims filed by Defendant in this litigation." Then, on November 30, 2007, Defendant filed a Notice of Dismissal (Dkt. No. 48) informing the Court that Defendant consented to the dismissal of its counterclaim with prejudice.

Plaintiff has also filed a Second Motion for Attorneys' Fees (Dkt. No. 49). The fees sought in this final motion are those Plaintiff's counsel purportedly accrued from March 13, 2007 (one day before Plaintiff's first motion for attorneys' fees) to December 5, 2007 (the date the second motion for attorneys' fees was filed).

Finally, on March 24, 2008, the Court issued an Order (Dkt. No. 52) determining the reasonable amount of attorneys' fees as they relate to the litigation of Plaintiff's Original Complaint. The Court ultimately determined that Plaintiff was entitled to attorneys' fees in the amount of $52,576.40 and court costs in the amount of $868.79. The March 24 Order did not address Plaintiff's Second Motion for Attorneys' Fees and the motion will not be addressed by this Order.

The Defendant has not filed a response to the instant motion, therefore it is deemed unopposed. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). The fact that Plaintiff still has

remaining claims for attorneys' fees does not prevent the Court from entering a final judgment. *See* FED. R. CIV. P. 54(d)(2); *see also Romaguera v. Gegenheimer*, 162 F.3d 893 (5th Cir. 1998).

**Conclusion**

Based on the foregoing, Plaintiff's Second Motion for Entry of Judgment (Dkt. No. 33) is GRANTED and Final Judgment shall issue in accordance with this Order on even date herewith.

It is so ORDERED.

Signed this 27th day of March, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE