UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **LARRY J. HOOKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-06-77** |
| | § | |
| **CONSTELLATION HOMEBUILDER** | § | |
| **SYSTEMS, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiff's Second Motion for Attorneys' Fees (Dkt. No. 49).

After consideration of the parties' arguments and the applicable law, the Court is of the opinion that

Plaintiff's Second Motion for Attorneys' Fees should be denied.

**Factual and Procedural Background**

Plaintiff initiated this action on July 25, 2006 to recover sales commissions he alleges were

withheld by Defendant, his former employer, in breach of an employment contract formed between

the parties. Dkt. No. 1. Defendant's Answer and Amended Answer plead various affirmative

defenses, with the later filing adding the affirmative defense of offset for any amounts paid to

Plaintiff in excess of the requirements of his employment contract. Dkts. No. 5 & 7. The amounts

Defendant claimed to have overpaid Plaintiff included, but were not limited to, gratuitous bonuses.

Dkt. No. 7.

On January 29, 2007, Defendant filed its Second Amended Answer and Original

Counterclaim (Dkt. No. 18). Therein, Defendant—through a counterclaim of unjust enrichment

which essentially inverted its affirmative defense of offset—sought to recover a salary paycheck in

the amount of $4,000 and performance-based bonuses of approximately $30,000, both of which were

purportedly paid to Plaintiff in error. The essence of Defendant's counterclaim was that Plaintiff received the extraneous paycheck after his separation from employment and that Plaintiff never signed the requisite employment agreement and bonus acknowledgment required for him to be entitled to receive the bonus payments.

After Defendant filed its Second Amended Answer and Original Counterclaim, Defendant made a Rule 68 Offer of Judgment, which Plaintiff accepted on February 6, 2007. Dkt. No. 19. The Rule 68 Offer of Judgment provided that Defendant would pay Plaintiff $150,000 and court costs accrued to date, whereas the determination of reasonable attorneys' fees was to be left for the Court.

On March 30, 2007, Plaintiff attempted to flip the table, serving on Defendant, as counter-plaintiff, a Rule 68 Offer of Judgment. Dkt. No.49, Ex. A. Plaintiff's Rule 68 Offer proposed a judgment of $4,000 including attorneys' fees and court costs to satisfy Defendant's counterclaim. Plaintiff's Offer of Judgment appears to have been an attempt to fulfill Defendant's claim for the excess paycheck, while not compensating Defendant for what it believed to be two improperly-paid performance-based bonuses. Defendant did not accept Plaintiff's Rule 68 Offer.

On April 12, 2007, Plaintiff, apparently under the belief that his acceptance of Defendant's Rule 68 Offer extinguished all claims asserted by the parties, filed a Motion to Enforce the Rule 68 Judgment (Dkt. No. 27) in order to stop Defendant from pursuing its counterclaim. The Court issued an Order dated August 14, 2007 (Dkt. No. 36) denying Plaintiff's Motion to Enforce the Rule 68 Judgment, concluding that Defendant's "offer under rule 68 did not include its counterclaim for unjust enrichment, which claim remains live and pending before the Court." Dkt. No. 36.

Accordingly, the parties continued to litigate Defendant's counterclaim, over which they incurred significant legal fees. During this period of protracted litigation, Defendant did not pay

Plaintiff the $150,000 agreed upon in the accepted Rule 68 Offer of Judgment.

Plaintiff claims Defendant pursued its counterclaim in bad faith and merely to obtain leverage over Plaintiff in the hopes that his desire or need for the amount provided by the Rule 68 Offer of Judgment would induce him to settle Defendant's counterclaim in full. Plaintiff alleges that Defendant, in an effort to bring the fullest amount of financial pressure to bear on Plaintiff, made defending the counterclaim as expensive as possible, at least in part by: (1) refusing to fly its employees to Texas for deposition, and thus forcing Plaintiff's counsel to travel to Seattle on two occasions to depose Defendant's employees, and (2) failing to provide Plaintiff his original personnel file, which had been requested by a letter and subpoena duces tectum.

Defendant, on the other hand, contends that Plaintiff engaged in discovery abuse with the intent of prolonging the litigation and inflating and later attempting to collect on exorbitant attorneys' fees arising out of Defendant's rejection of the Plaintiff's March 2007 Offer of Judgment. Defendant's claims largely stem from documents discovered at a deposition of Plaintiff on September 13, 2007, the final day of the discovery period.

During Plaintiff's deposition, and pursuant to questions about the existence of any bonus-plan agreements that might support or undermine portions of Defendant's counterclaim, Plaintiff was seen reviewing two documents given to him by his counsel during the proceeding. Unsure of the precise nature of the documents in Plaintiff's possession, Defendant's counsel asked Plaintiff if he could review the two items. The two documents were revealed to be bonus acknowledgments Plaintiff had signed while employed by Defendant. In response to questioning as to the production of the documents, Plaintiff testified that the documents had been turned over to his attorney at an earlier stage in the litigation. However, until the deposition, the two bonus acknowledgments were

not delivered to Defendant as required by Federal Rule 26(a)(1)(B) and various discovery requests sent months before.

Defendant claims that if it had been aware of the bonus acknowledgments, it would likely have altered its strategy as to its pursuit of the counterclaim, perhaps resulting in the earlier acceptance of Plaintiff's Rule 68 Offer of Judgment. Plaintiff argues that the two documents Defendant complains of were documents Defendant should have had in its own possession and that, only as a product of its own disorganization, were not discovered internally.

Shortly after Plaintiff's deposition, Defendant accepted an offer from Plaintiff to settle its counterclaim for $4,000—the same amount identified in the rejected March 2007 Rule 68 Offer of Judgment. The offer excluded any settlement of Plaintiff's claims for attorneys' fees and costs.

Finally, the Court issued a Memorandum Opinion and Order dated March 24, 2008 (Dkt. No. 52) awarding the attorneys' fees and costs not resolved by the initial Rule 68 Offer of Judgment. The Order addressed attorneys' fees that had accrued as of March 12, 2007, but instructed that the instant motion would be dealt with separately.

The present motion concerns the attorneys fees and costs of court, reported to be $92,020.00 and $15,156.64, respectively, that accrued from March 13, 2007 to December 5, 2007 in defense of Defendant's counterclaim.

## Discussion

Plaintiff sets forth three grounds in support of his claim for attorneys' fees and expenses. First, Plaintiff argues that attorneys' fees are available under Texas law for his defense of the counterclaim raised to reduce the recovery on his breach of contract claim. Plaintiff also contends his attorneys' fees and costs are recoverable pursuant to the Court's inherent authority, Rule 11,

4

and/or 28 U.S.C. § 1927. Finally, Plaintiff argues that the attorneys' fees and costs sought are included in the "costs" which should be shifted to Defendant pursuant to Rule 68 for its rejection of Plaintiff's Offer of Judgment in March 2007. The Court will address Plaintiff's arguments in turn.

**A. Does Texas Law Authorize Plaintiff to Recover Attorneys' Fees for Defending Against the Counterclaim?**

An award of attorneys' fees "is governed by the same law that serves as the rule of decision for the substantive issues in the case," which in this case, is Texas law. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Section 38 of the Texas Civil Practice and Remedies Code, titled "Attorney's Fees," provides for recovery of "reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs," on a claim for an oral or written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (8) (Vernon 1997). To recover attorneys' fees under this provision, a party must (1) prevail on a cause of action for which attorneys' fees are recoverable under the statute and (2) recover damages. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Plaintiffs seeking attorneys' fees under this statute bear the burden of proof of demonstrating reasonableness of the fees and the duty to segregate recoverable fees from unrecoverable fees. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).

As an initial matter, the Court must apply the above-cited law within the framework of the prickly procedural posture in which the parties have become entangled. Through Defendant's acceptance of Plaintiff's Rule 68 Offer, which eventually led to a judgment ordering Defendant to pay $150,000 plus costs and attorneys' fees to Plaintiff, Plaintiff is the prevailing party as to its breach of contract claim. Conversely, because Plaintiff eventually settled the counterclaim for $4,000, Defendant is the prevailing party as to the counterclaim. *See Solis*, 951 S.W.2d at 390 (Tex.

1997); *Smith v. Texas Farmers Ins. Co.*, 82 S.W.3d 580, 588-89 (Tex. App.—San Antonio 2002, pet. denied); *Energen Res. Maq, Inc. v. Dalbosco*, 23 S.W.3d 551, 557-58 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Bacchus Indus., Inc. v. Frontier Mech. Contractors*, 36 S.W.3d 579, 585-86 (Tex. App.—El Paso 2000, no pet.); *see also Bair Chase Prop. Co., LLC v. S & K Dev. Co., Inc.*, No. 03-07-00461-CV, 2008 WL 2309184, at *9 (Tex. App.—Austin June 5, 2008, no pet.). This is so because Plaintiff's claim and Defendant's counterclaim were two free-standing, independent causes of action. In other words, and as developed further below, Defendant could have potentially recovered on its counterclaim even if Plaintiff had abandoned or failed to establish its own affirmative claim. *See General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990). This determination alone suffices to defeat Plaintiff's first argument for attorneys' fees. However, even if the Court were to adopt a more holistic view of the proceedings and find Plaintiff to be the prevailing party, he would still not be entitled to attorneys' fees under section 38.001.

Relying on *Varner v. Cardenas*, Plaintiff contends that he is entitled to attorneys' fees expended in defending against Defendant's counterclaim because the counterclaim was raised to reduce the recovery on his breach of contract claim and a defense thereof was necessary to collect the full amount of Plaintiff's initial claim. 218 S.W.3d 68 (Tex. 2007). In *Varner*, the Texas Supreme Court observed that in a decision set forth a year earlier it had "reestablished the rule that attorney's fees are recoverable only if necessary to recover on a contract or statutory claim allowing them, and eliminated the exception for fees incurred solely on separate but arguably intertwined claims." *Id.* (citing *Tony Gullo Motors I, L.P. v. Chapa* 212 S.W.3d 299 (Tex. 2006)); *see also Chapa*, 212 S.W.3d at 313-14 ("Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so

6

intertwined that they need not be segregated."). The *Varner* Court—again relying on *Chapa*—went

on to recognize that the attorney efforts at issue—those expended in defending against the

defendants' counterclaim—were "necessary to recover on [the plaintiffs'] contract." *Id.* (citing TEX.

CIV. PRAC. & REM. CODE § 38.001(8)). Accordingly, the Court determined that the fees expended

in such a defense were recoverable and thus did not need to be segregated. *Id.* Although the court

did not elaborate as to exactly why or to what extent the plaintiffs' defense was "necessary," two

subsequent opinions issued by Texas appellate courts are helpful in guiding the Court's judgment.

In *7979 Airport Garage, L.L.C. v. Dollar Rent A Car*, the Houston Fourteenth District Court

of Appeals—dealing with issues similar to those presented in *Varner* and before this

Court—recognized the rule reestablished by *Chapa* and applied by *Varner*, stating that "when a

defendant asserts a counterclaim that the plaintiff must overcome in order to fully recover on its

contract claim, the attorney fees necessary to defeat that counterclaim are likewise recoverable."

245 S.W.3d 488, 507 (Tex. App.—Houston [14 Dist.] 2007, pet. filed). The court then found that

the claims and counterclaims depended upon many of the same essential facts, required reliance

upon the same documents and witnesses in order to be established, and the plaintiff *had to* defeat

the defendant's counterclaim in order to recover on his affirmative claim. *Id.* at 508-10. These

findings were vital to the court's conclusion that attorneys' fees expended in defense of the

defendant's counterclaims were recoverable. Indeed, the court emphasized the coextensive nature

of the evidence that, if found credible, would simultaneously support the plaintiff's claim and defeat

the defendant's counterclaim or vice versa. *Id.* at 509 ("If believed, the evidence [the plaintiff]

presented in prosecuting its breach of contract claim was also dispositive of its claim for breach of

the implied warranty of suitability and [the defendant's] counterclaims... [T]he prosecution of [the

plaintiff's] claims was 'so intertwined' with the defense of [the] counterclaims that 'you can't possibly split out what the services were for.'"). Notably, moreover, the defendant in *Dollar Rent A Car* was unsuccessful in its prosecution of all of its various counterclaims.

Only months later, another state court of appeals, in similar circumstances, employed parallel reasoning to come to an identical conclusion. *See Brockie v. Webb*, 244 S.W.3d 905, 910 (Tex. App.—Dallas 2008, no pet.). The *Brockie* court recognized that "[t]o recover attorney's fees under section 38.001, a party must prevail on a claim for which attorney's fees are recoverable," and that "[s]ection 38.001 does not provide for attorney's fees in the pure defense of a claim." *Id.* The court continued: "[h]owever, if the plaintiff's breach of contract claim and the defendant's counterclaim arise from the same transaction and the same facts required to prosecute the claim are required to defend against the counterclaim, then attorney's fees may be appropriate." *Id.* Finding that the claim and counterclaim arose from the same transaction and the same facts required to prosecute the claim were also required to defend against the counterclaim, the court concluded that attorneys' fees incurred in defending the counterclaim were recoverable. *Id.* Thus, like the courts before it, the *Brockie* court concluded that a plaintiff, as counter-defendant, was entitled to attorneys' fees expended in defense of a counterclaim because the two were so intertwined as to be indistinguishable.

This case differs from those cited above. The opinions discussed concluded that attorneys' fees expended in defending against the counterclaims were recoverable because the claims and counterclaims arose from the same transaction and the same essential facts and documents required to prosecute the claims were required to defend against and/or pursue the counterclaims. As framed by the court in *Dollar Rent A Car*, the evidence presented to further the plaintiff's pursuit of its

claim would be dispositive as to the defense against and prosecution of the defendant's counterclaim. No such conclusion can be made here.

In this case, Plaintiff's claim was made in an effort to collect an *unpaid* amount of commissions and/or other earnings.  The counterclaim, on the other hand, was brought in an effort to collect on amounts allegedly *paid in error*. Although these two claims clearly intermingle and some evidence and witnesses would certainly overlap, an unavoidable consequence of any case involving both claims and counterclaims, had this case proceeded to summary judgment or trial, different evidence and witness testimony would be relied upon to support the parties' contentions. For example, the successful prosecution of Plaintiff's claim would have likely included reference to his employment contract, testimony from both himself and several of Defendant's employees, and evidence that he had not received payment for services rendered. Although successful prosecution of Defendant's counterclaim would also likely include reference to Plaintiff's employment contract and similar if not identical witnesses, additional documents would be relevant (such as the two bonus acknowledgments) and the testimony and inferences made therefrom would be directed towards entirely divergent circumstances: the work (or perhaps, paperwork) Plaintiff had *not* completed and *had* been compensated for. In other words, the claim and counterclaim here are independent causes of action and the evidence used to support them is neither coextensive, nor as interrelated as those before the *Brockie* and *Dollar Rent A Car* courts. Accordingly, the Court cannot conclude that the two are sufficiently intertwined to grant attorneys' fees under section 38.001.

The Court notes that in its previous order on attorneys' fees, in response to Defendant's argument that Plaintiff should not be entitled to recover attorneys' fees for services associated with defending against Defendant's counterclaims, the Court stated that "Defendant's counterclaims

9

paralleled its affirmative defenses and thus went to the heart of Plaintiff's prosecution of its own claims. Thus, any work performed before Plaintiff accepted the Offer of Judgment related to defending against the (then) pending counterclaims would also have been relevant to Plaintiff's initial contractual claims underlying the Offer of Judgment." Dkt. No. 52. Upon further reflection, the Court is now of the opinion that such fees should not have been recoverable and the Court hereby modifies the amount awarded in its Order dated March 24, 2008 (Dkt. No. 52) by $847.75.[1]

**B. Did Defendant Pursue its Counterclaim in Bad Faith Such that the Court Should Award Plaintiff Attorneys' Fees and Expenses?**

Alternatively, Plaintiff moves for sanctions pursuant to the Court's inherent authority, Federal Rule 11, and/or 28 U.S.C. § 1927. The thrust of Plaintiff's motion is that Defendant, in bad faith, pursued a meritless counterclaim in order to prolong the litigation, defer payment of the $150,000 agreed upon in the initial Offer of Judgment, and thereby pressure Plaintiff into settling Defendant's counterclaim.

A district court has broad discretion in determining whether a sanction is warranted and what sanction is appropriate. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). Although the imposition of sanctions is within the court's province, "any such decision [should be] made with restraint and discretion." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).

Plaintiff's arguments fall short of justifying sanction based on any of the grounds provided. Courts are not to impose Rule 11 sanctions merely for a parties' disagreement about or the eventual failure of a claim. *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997). Such sanctions are only

---

[1] *See* Dkt. No. 24 at 6-7 (identifying billing entries dedicated to Plaintiff's defense of Defendant's counterclaim).

appropriate where, at the time of the filing, the advocated position is unwarranted or in bad faith. *Id.* Sanctions imposed pursuant to the Court's inherent power are similarly extraordinary in nature and require a finding of bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991). Based on the nature of the proceedings, and particularly in light of the fact that the Court has previously upheld Defendant's pursuit of its counterclaim, no finding of bad faith can be supported and Defendant's position cannot be said to be wholly unwarranted.

Similarly, the Court cannot conclude that Defendant sought to prosecute its counterclaim unreasonably, vexatiously, or for the sole purpose of delay and unnecessarily increasing litigation fees and costs. Sanctions under 28 U.S.C. § 1927 should be employed only in instances evidencing a serious disregard for the orderly process of justice and such punishment should be sparingly applied. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996); *F.D.I.C. v. Connor*, 20 F.3d 1376, 1384 (5th Cir. 1994). As such, any basis for sanctioning Defendant are denied and Plaintiff is not entitled to attorneys' fees or expenses on such theories.[2]

**C. Does Defendant's Rejection of Plaintiff's Rule 68 Offer of Judgment Support an Award of Attorneys' Fees and Costs?**

Rule 68 provides that, if a timely pretrial offer of judgement is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." FED. R. CIV. P. 68. As courts often observe, Rule 68 was enacted with the principal purpose of encouraging settlement and avoiding unnecessarily

---

[2] As alluded to above, Defendant has also presented the Court with argument in support of sanctioning the opposing party; its argument being based on alleged discovery abuse. Defendant's request for sanctions, like that of Plaintiff, is unavailing. As an initial matter, Defendant pursued its counterclaim in an extremely unusual—although not sanctionable—manner, which resulted in at least one stay in discovery. It appears, moreover, that Defendant should have been able to internally discover the documents over which it primarily complains. Therefore, Defendant's request for sanctions is denied.

costly and potentially time-consuming litigation. *Marek v. Chesny*, 473 U.S. 1, 5 (1985); *Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 454-55 (5th Cir. 2003). With this in mind, Plaintiff contends that because Defendant rejected a Rule 68 offer for $4,000, only to later accept an offer of settlement for $4,000, he is entitled to costs incurred after making the offer.

Defendant argues that the cost-shifting provision of Rule 68 does not entitle Plaintiff to costs incurred post-offer because Plaintiff's Offer of Judgment was not "greater than," but rather equal to, the final settlement. As noted, Plaintiff's March 30, 2007 Rule 68 Offer was for $4,000 including attorneys' fees and costs, and the final settlement of Defendant's counterclaim was for precisely that amount.[3]

Although a plain reading of Rule 68 would appear to mandate its application when the judgment obtained is less than *or equal to* the offer, the Fifth Circuit appears to have given Rule 68 a different interpretation. According to the Fifth Circuit, "Rule 68 requires a prevailing plaintiff to pay the costs of litigation '*in the single circumstance* where the plaintiff does not accept the defendant's offer of judgment which is *more favorable than* the judgment the plaintiff ultimately obtains.'" *Louisiana Light & Power Co. v. Kelstrom*, 50 F.3d 319, 334 (5th Cir. 1995) (quoting *Johnson v. Penrod Drilling Co.*, 803 F.2d 867, 869 (5th Cir. 1986)) (emphasis added); *see also Fierros v. Texas Dep't of Health*, 213 Fed. App'x. 321 (5th Cir. 2007) (Rule 68 "bars recovery of attorney's fees when the judgment obtained is *less than* a pre-judgment settlement offer") (emphasis added) (unpublished). The quoted interpretation of Rule 68 has been applied by at least one other district court in this circuit in circumstances almost identical to those at hand. In *Bio-Medical*

---

[3] Because the costs were provided for in the Offer of Judgment, they do not need to be added to the judgment figure for the sake of comparing the offer to that finally obtained by Plaintiff. *See Fierros v. Texas Health Dep't*, No. SA-99-CV-1448-RF, 2005 WL 357668, at *4 (W.D. Tex. Feb. 3, 2005) (citing 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE & PROCEDURE: § 3006 at 122-25) (2nd Ed. 1997)).

*Applications of Texas Inc. v. BAP-FMC San Antonio Ltd.*, a court in the Western District of Texas found the cost-shifting provision of Rule 68 to be inapplicable when the amount of the offer of judgment was the same as the amount finally obtained by the plaintiff. *See* No. SA-03-CA-1302-FB, 2006 WL 2329407, at * 1 (W.D. Tex. May 23, 2006) ("In this case, the amount of the offer of judgment [] and the amount finally obtained by plaintiff are identical . . . Rule 68 does not therefore apply.") (citing *Johnson*, 803 F.2d at 869)).

Although the Court disagrees with this reading and application of Rule 68,[4] it would be remiss to ignore a statement of such clarity as that handed down by the Fifth Circuit in *Johnson* and reiterated in *Kelstrom*. Accordingly, because the Fifth Circuit has clearly defined the sole instance in which the cost-shifting provision of Rule 68 applies, and the circumstances here do not place this case within such confines, Rule 68 does not provide Plaintiff with a claim to attorneys' fees or costs.[5]

## Conclusion

Based on the foregoing, the Court is of the opinion that Plaintiff's Second Motion for Attorneys' Fees (Dkt. No. 49) should be denied. Plaintiff, moreover, shall pay Defendant $847.75

---

[4] The Court is not alone in its interpretation of Rule 68 in such situations. *See* WRIGHT, MILLER & MARCUS, § 3006.1 at 123 ("A point to be made at the outset is that a judgment that is identical to the Rule 68 offer is not more favorable, and Rule 68 therefore applies in such a situation.") (citing *Lang v. Gates*, 36 F.3d 73 (9th Cir. 1994) and *Hutchison v. Wells*, 719 F. Supp. 1435 (D.C. Ind. 1989)).

[5] However, even if the Court were to read around the Fifth Circuit's clear interpretation of Rule 68, Plaintiff's recovery would be limited to costs and would not include attorneys' fees. *See Int'l Nickel Co., Inc. v. Trammel Crow Distrib. Corp.*, 803 F.2d 150, 157 n.2 (5th Cir. 1986) ("Defendant's reliance on *Marek v. Chesny* [] is misplaced because the underlying statute here [TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (8)] awards attorney's fees 'in addition' to costs rather than 'as a part of costs.'"); *accord LMP 8500 Shoal Creek, L.L.C. v. 8500 Shoal Creek Owners Assoc.*, Bankr. No. 06-10161-RCM, 2007 WL 2713927, at *14 n.8 (Bankr. W.D. Tex. Sept. 12, 2007) (concluding that a statute with provisions analogous to those set forth in section 38.001 did not include attorneys' fees as part of costs recoverable under Rule 68).

for fees incorrectly assessed in the Court's March 24, 2008 Order (Dkt. No. 52).

It is so ORDERED.

Signed this 26th day of August, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

14